1  Michael K. Brown (SBN 104252)
   Email: mkbrown@reedsmith.com
2  Eric J. Buhr (SBN 217528)
   Email: ebuhr@reedsmith.com
3  Kevin M. Hara (SBN 221604)
   Email: khara@reedsmith.com
4  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
5  Los Angeles, CA  90071-1514
   Telephone: +1 213 457 8000
6  Facsimile: +1 213 457 8080

7  Attorneys for Defendant C. R. Bard, Inc. (*sued and served as* DOE NO. 1)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HILDEGARD SARKISSIAN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KAISER FOUNDATION HOSPITALS, a California corporation; THE PERMANENTE MEDICAL GROUP, a California corporation; KAISER FOUNDATION HEALTH PLAN INC., a California corporation; DOE MESH MANUFACTURERS; and DOES 1 through 40, inclusive,<br><br>　　　　　Defendants. | Case No.  3:22-cv-1292<br><br>[Removal from the Superior Court of California, County of San Francisco, Case No. CGC-20-588458]<br><br>**DEFENDANT C. R. BARD, INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)**<br><br>Compl. Filed: December 16, 2020 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant C. R. Bard, Inc. (*sued and served as DOE NO. 1*), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes the above-entitled civil action from the Superior Court of California, County of San Francisco, to the United States District Court for the Northern District of California, San Francisco Division.

In support of this Notice of Removal, Bard (*sued and served as DOE NO. 1*) ("Bard") states as follows:

1. On December 16, 2020, Plaintiff Ruth Hildegard Sarkissian ("Plaintiff") filed this civil action in the Superior Court of the State of California, County of San Francisco, captioned *Hildegard Sarkissian v. Kaiser Foundation Hospitals et al. and Does 1 through 40*, Case No. CGC-20-588458, (the "State Court Action"). Bard was named as a "Doe" Defendant on January 19, 2022, and was served on January 31, 2022. Bard is the only current Defendant in this action. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint are attached, along with a copy of all process, pleadings, and orders filed in the State Court Action and/or served on Bard, the removing defendant, as **Exhibit "A."**

2. Bard is informed and believes that Plaintiff's personal injury claims relate to alleged injuries stemming from a December 14, 2006 implant of hernia repair devices manufactured by Bard, known as Composix Kugel Mesh ("CK") and Composix Mesh ("Composix").

3. Bard is informed and believes that Plaintiff's claims also relate to alleged injuries stemming from the August 7, 2007 implant of a hernia repair device manufactured by Bard, known as Bard Mesh.[1]

4. Plaintiff alleges that Bard, as the "manufacturer, retailer, designer, wholesaler, and distributor of [the CK, Composix and Bard Mesh devices is] strictly liable to the plaintiff under the strict liability theory . . . for manufacturing, designing, modifying, and placing on the market and in the flow of commerce a defective product." Complaint ¶ 14.

---

[1] Although Plaintiff's counsel has referred to the CK, Composix and Bard Mesh devices, Bard does not concede any liability or waive any defenses, including as to product identification.

5. Plaintiff further alleges that as a result of Bard's "negligence and carelessness", that she was "hurt and injured, in her health, strength, and activity, sustaining injury to her body. . . [which has] caused and continue to cause plaintiff great mental, physical and nervous pain and suffering." *Id*. ¶ 15.

6. The State Court Action is one of many cases that have been filed in both federal and state courts across the country involving Bard's hernia repair medical devices made, at least in part, with polypropylene, including the products at issue in this action. On August 2, 2018, the United States Judicial Panel on Multidistrict Litigation ("JPML") issued an order directing that 53 hernia mesh product cases be transferred and coordinated for pretrial proceedings in the United States District Court for the Southern District of Ohio, before the Honorable Edmund A. Sargus pursuant to 28 U.S.C. § 1407. *See* Transfer Order, *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, Case No. 2:18-md-02846-EAS-KAJ, MDL No. 2846 (S.D. Ohio) ("MDL 2846"). A true and correct copy of the Transfer Order is attached as **Exhibit "B."** Since the creation of MDL 2846, numerous cases involving Bard's hernia repair devices have been filed in or transferred to the MDL. There are currently over 15,000 cases in MDL 2846.

7. Bard intends to seek the transfer of this action to the Multidistrict Litigation, *In Re: Davol, Inc./C.R. Bard, Inc., Polypropylene Hernia Mesh Products Liability Litigation*, MDL 2846, and shortly will provide the JPML with notice of this action pursuant to the procedure for "tag along" actions as set forth by the JPML.

8. As more fully set forth below, the State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Bard has met the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In filing this Notice of Removal, Bard expressly reserves the right to assert any defenses available to it under state or federal law, including, but not limited to, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, and failure to join and/or misjoinder.

/ / /

/ / /

/ / /

– 2 –

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

## I. BARD HAS MET THE PROCEDURAL REQUIREMENTS FOR REMOVAL

9. All process, pleadings, and orders filed and/or served on Defendants to date are attached as Exhibit A. *See* 28 U.S.C. § 1446(a).

10. Plaintiff's Complaint, filed on December 16, 2020, did not name C. R. Bard, Inc. as a defendant but instead named Defendants Kaiser Foundation Hospital, The Permanente Medical Group, and Kaiser Foundation Health Plan, (collectively, "Hospital Defendants") and "Doe Mesh Manufacturers."

11. On June 29, 2021, Plaintiff dismissed the Hospital Defendants with prejudice. A true and correct copy of the June 29, 2021 Dismissal with Prejudice is attached hereto as **Exhibit "C**." *See also* Exhibit A, State Court Action pleadings and filings.

12. On January 19, 2022, Plaintiff filed an Amendment to Complaint to substitute C. R. Bard, Inc. as a "Doe" Defendant pursuant to California Code of Civil Procedure Section 474 (providing, in part, "[w]hen the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, . . ., and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly"). A true and correct copy of the January 19, 2022 Amended Complaint is attached hereto as **Exhibit "D."** *See also* Exhibit A.

13. Plaintiff served Bard with the Summons and Complaint on January 31, 2022. Therefore, this Notice of Removal is timely because it is being filed within 30 days (*i.e.*, by March 2, 2022) of the date that Plaintiff served Bard with the Summons and Complaint. *See id.* § 1446(b)(1).

14. Although Bard removed the State Court Action more than one year after it was commenced on December 16, 2020, the one year time limit in 28 U.S.C. § 1446(c)(1) is a procedural, rather than jurisdictional constraint. Courts in this District have ruled that removal outside the one-year limit is permissible where a defendant has timely removed an action after receiving notice of its eligibility. *Jackson v. Wal-Mart Stores, Inc.*, 588 F. Supp. 2d 1085, 1088 (N.D. Cal. 2008) (denying motion to remand on action removed more than one year after filing because one-year limit was "procedural requirement" and defendant was not served until seven months after action commenced). Further, strict construction of the one-year deadline would not

serve its purpose, which is to prevent disruption of proceedings in state court where there has been substantial progress. *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 614 (3d Cir. 2003) (holding that one year time limit was procedural, because the "deadline was intended to discourage "removal after substantial progress has been made in state court"); *Barnes v. Westinghouse Elec. Corp.*, 962 F. 2d 513, 516 (5th Cir. 1992) (denying motion to remand case removed more than four years after commencement after amendment, because "[f]or the first time, the complaint named completely diverse defendants, and one of the defendants filed promptly for removal").

15.  Here, Plaintiff did not amend her Complaint to substitute Bard as a defendant until January 19, 2022, and served Bard with the Complaint on January 31, 2022. In addition, Plaintiff voluntarily dismissed all other defendants and there has been no progress in state court against Bard. Like the defendant in *Jackson*, Bard "was diligent in seeking removal once the facts giving rise to diversity jurisdiction came to light." *Jackson*, 588 F. Supp. 2d at 1088. Bard promptly removed the State Court Action within 30 days of service. Finally, Plaintiff's counsel has agreed not to oppose removal of this action or prevent its transfer to MDL 2846, and Plaintiff will not suffer any prejudice as a result of removal.

16.  Pursuant to 28 U.S.C. § 1446(d), Bard will provide this Notice of Removal to Plaintiff, through her counsel, Joseph Androvich, of Brelsford Androvich & White, 20011 Street, Sacramento, CA 95811, and the California Superior Court, County of San Francisco, before which the State Court Action is pending. *See id*. § 1446(d).

17.  Bard will also file a copy of this Notice of Removal in the State Court Action. *See id*.

18.  No previous request has been made for the relief requested herein.

19.  No party in interest properly joined and served as a defendant in this action is a citizen of the state (California) in which this action was brought. See 28 U.S.C. § 1441(b).

20.  Under 28 U.S.C. § 1446(b)(1), "all defendants who have been properly joined and served must join in or consent to the removal of the action." Bard is the only properly joined and served defendant, and no other party's consent is needed in the removal of this action.

– 4 –

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

21. This Notice of Removal is properly filed in the Northern District of California pursuant to 28 U.S.C. § 1446(a).

22. The United Stated District Court for the Northern District of California, San Francisco is the proper division to where this action should be assigned because it is the District Court embracing the Superior Court of California, County of San Francisco, where Plaintiff's action is pending. *See* 28 U.S.C. §§ 1441(a); *see also id.* § 84(a).

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

23. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, where the plaintiff has a different state of citizenship than each defendant.

### A. There Is Complete Diversity of Citizenship Between The Parties

24. There is complete diversity between Plaintiff and Bard.

25. Plaintiff alleges that she "is now and at all times herein mentioned was, citizens [sic] of and residents [sic] within the State of California." Compl. ¶ 2. Therefore, Plaintiff is a citizen and resident of the State of California. For the purpose of diversity, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Domicile is evaluated in terms of "objective facts," and may be established by factors such as: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Youn Kyung Park v. Holder*, 572 F.3d 619, 624-25 (9th Cir. 2009).

26. A party's residence is "prima facie" evidence of domicile. *See Lew*, 797 F.2d at 750. As set forth in the Complaint, Plaintiff is, and was at all times relevant to the allegations in the Complaint, a citizen and resident of the State of California. *See* Compl., ¶ 2; *see also Lew*, 797 F.2d

at 750 (current residence is a relevant factor for determination of domicile and citizenship). Thus, Plaintiff is a resident and citizen of California under 28 U.S.C. § 1332.

27. C.R. Bard, Inc. is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey, and therefore, is a citizen of New Jersey for purposes of determining diversity. *See id.* § 1332(c)(1).

28. Plaintiff voluntarily dismissed the Hospital Defendants, who were alleged to be "California business entities," with prejudice, on June 29, 2021. *See* Exhibit A. The Hospital Defendants are no longer parties in the State Court Action, and, therefore, to the extent that they are California citizens, their citizenship must be disregarded. *See Local Union 598, Plumbers & Pipefitters Industry Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co.*, 846 F.2d 1213, 1215 (9th Cir. 1988) (allowing removal where, "plaintiff at no time has raised any objection to federal jurisdiction," and "although removal was initially improper, the jurisdictional defect was cured . . . when the plaintiff voluntarily dropped the party whose presence prevented proper diversity jurisdiction"); *Baghdasarian v. Macy's, Inc.*, No. 2:21-CV-04153-AB (MAAx), 2021 U.S. Dist. LEXIS 167337, at *10 (C.D. Cal. Sep. 2, 2021) (upholding removal where, after plaintiff's voluntary dismissal of "the only non-diverse defendant," the removing defendants "promptly and timely removed the matter" within 30 days).

29. None of the remaining "Doe" defendants have been substituted with any named defendants or been served with process in the State Court Action. For the purpose of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." *See id.* § 1441(b)(1); *accord Soliman v. Philip Morris Inc.,* 311 F.3d 966, 971 (9th Cir. 2002); *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987). Therefore, the citizenship of Does 1 through 50 should be disregarded for purposes of determining diversity.

**B. The Amount In Controversy Requirement Is Satisfied**

30. Bard filed this Notice of Removal in good faith and on a reasonable basis in law and in fact that Plaintiff seeks greater than the requisite amount in controversy in this action. When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in

the complaint as well as in the notice of removal. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

31. To determine the amount in controversy, a district court takes into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, and punitive damages. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995). Additionally, the "amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

32. In the Complaint, Plaintiff alleges causes of action against Bard for Product Liability (Compl., ¶¶ 11-17). Plaintiff alleges injuries and complications resulting from the implant of the CK, Composix, and Bard Mesh during separate surgeries, claiming that she "was hurt and injured in her health, strength and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which said injuries have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering." Compl. ¶ 15. Plaintiff further alleges that her injuries "will result in some permanent disability to the plaintiff, all to her general damage." *Id*. Plaintiff additionally alleges that she "was required to and did employ, physicians and surgeons to examine, treat and care for her and did incur, and will in the future incur, medical and incidental expenses." *Id*. at ¶ 16. Plaintiff also alleges that she was "prevented from attending to her usual occupation," resulting in lost wages. At *Id*. ¶ 17.

33. Finally, Plaintiff seeks general damages, medical and other expenses, loss of earning capacity, and other damages that the Court deems "just and proper." *See id.*; *see also* Compl., Prayer for Relief, ¶¶ 1-5.

34. Thus, it is facially apparent from the Complaint that Plaintiff's causes of action are in excess of $75,000.00. *See Mendoza v. American Airlines, Inc.*, No. CV 10-7617 RSWL (JCx), 2010 WL 5376375, *3-4 (C.D. Cal. Dec. 22, 2010) (even if a complaint "does not state the specific amount in controversy here, this does not preclude a finding that the complaint facially alleges an amount in controversy in excess of the minimum jurisdictional amount . . . . the complaint, along

with the types of damages Plaintiff is seeking here, made it facially apparent that the amount in controversy here exceeds the jurisdictional minimum.") (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Klepper v. First American Bank*, 916 F.2d 337, 341 (6th Cir. 1990) (punitive damages claim can be considered in computing jurisdictional amount in federal diversity action); *Evans v. CDX Servs., LLC*, 528 F. Supp. 2d 599, 606 (S.D. W.Va., 2007) (denying remand where plaintiffs alleged injury but did not specify damages: "When the Court considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied.") (internal quotations omitted); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks "compensatory and punitive damages" for alleged serious medical conditions and economic losses due to use of a prescription medication.).

35. In addition, more than 15,000 cases involving similar allegations regarding Bard hernia mesh products have been filed in or removed to federal courts around the country and transferred into MDL 2846, all of which satisfy the amount in controversy requirement. *See, e.g., Thelma Sims v. Davol Inc. et al.*, No. 2:20-cv-02684 (removed to C.D. Cal. on May 1, 2020 and transferred to MDL 2846 on May 22, 2020); *Brian Keith Elias v. Davol Inc. et al.*, No. 2:20-cv-03831 (removed to C.D. Cal. on July 15, 2020 and transferred to MDL 2846 on July 28, 2020).

36. Therefore, in light of the alleged injuries and complications set forth in the Complaint, and the claimed damages for past and future non-economic and economic losses, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of cost and interest, and Bard sufficiently alleges the basis for diversity jurisdiction at the notice-of-removal stage. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (explaining that the defendant need make only a short and plain statement regarding the amount-in-controversy in a notice of a removal).

37. Bard expressly reserves the right to amend or supplement this Notice of Removal.

38. Therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**WHEREFORE**, Bard respectfully removes this action from the Superior Court of California, County of San Francisco, to the United States District Court for the Northern District of California.

DATED:  March 1, 2022

          REED SMITH LLP

          By: */s/ Eric J. Buhr*
            Michael K. Brown
            Eric J. Buhr
            Kevin M. Hara

            Attorneys for Defendant C. R. Bard, Inc. (*sued and served as DOE NO. 1*)